1    **WO**

2

3

4

5

6                    **IN THE UNITED STATES DISTRICT COURT**

7                       **FOR THE DISTRICT OF ARIZONA**

8

9    Keri Lynn Brown,                                    No. CV-22-00011-PHX-SMB

10                    Plaintiff,                          **ORDER**

11   v.

12   Commissioner      of     Social     Security
     Administration,
13

                     Defendant.
14

15        At issue is the denial of Plaintiff Keri Lynn Brown's Application for Social Security

16   Disability Insurance ("SSDI") benefits by the Social Security Administration ("SSA")

17   under the Social Security Act (the "Act").  Plaintiff filed a Complaint (Doc. 1), and an

18   Opening Brief (Doc. 17), seeking judicial review of that denial.   Defendant SSA

19   Commissioner ("Commissioner") filed an Answering Brief (Doc. 21), to which Plaintiff

20   replied (Doc. 22).  The Court has reviewed the parties' briefs, the Administrative Record,

21   (Doc. 14), and the Administrative Law Judge's ("ALJ") decision, (Doc. 14-3 at 14–24) and

22   will affirm the ALJ's for the following reasons.

23        **I.      BACKGROUND**

24        Plaintiff filed an Application for SSDI benefits in January 2019, alleging a disability

25   beginning in August 2018.  (Doc. 14-3 at 14.)  Plaintiff's claim was initially denied in April

26   2019.  (*Id.*)  A telephonic hearing was held before ALJ Michael Comisky on November 6,

27   2020.  (*Id.*)  After considering the medical evidence and opinions, the ALJ determined that

28   Plaintiff suffered from severe impairments including affective disorder, anxiety disorder,

attention deficit hyperactivity disorder (ADHD), posttraumatic stress disorder (PTSD), and gastrointestinal disorders.  (*Id.* at 17.)  However, the ALJ concluded that, despite these impairments, Plaintiff had the residual functional capacity ("RFC") to perform the full range of light work, with occasional contract with coworkers, supervisors, and the public.  (*Id.* at 19.)  The ALJ also concluded Plaintiff "should not work directly with the public as a primary job duty." (*Id.*)  Consequently, Plaintiff's Application was again denied by the ALJ on December 2, 2020.  (*Id.* at 24.)  Thereafter, the Appeals Council denied Plaintiff's Request for Review of the ALJ's decision—making it the final decision of the SSA Commissioner (the "Commissioner")—and this appeal followed.  (*Id.* at 2.)

## II.    LEGAL STANDARDS

An ALJ's factual findings "shall be conclusive if supported by substantial evidence." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1153 (2019).  The Court may set aside the Commissioner's disability determination only if it is not supported by substantial evidence or is based on legal error.  *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007). Substantial evidence is relevant evidence that a reasonable person might accept as adequate to support a conclusion considering the record as a whole.  *Id.*  Generally, "[w]here the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld."  *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).  In determining whether to reverse an ALJ's decision, the district court reviews only those issues raised by the party challenging the decision.  *See Lewis v. Apfel*, 236 F.3d 503, 517 n.13 (9th Cir. 2001).

## III.   DISCUSSION

Plaintiff argues that the ALJ committed harmful error in evaluating Plaintiff's symptom testimony and in weighing the medical opinion evidence.  (Doc. 17 at 13, 21.) The Commissioner argues that the ALJ's opinion is supported by substantial evidence and free of harmful legal error. (Doc. 21 at 7.)  The Court has reviewed the medical and administrative records and agrees with the Commissioner for the following reasons.

**A. Plaintiff's Symptom Testimony**

An ALJ performs a two-step analysis to evaluate a claimant's testimony regarding pain and symptoms. *Garrison v. Colvin*, 759 F.3d 995, 1014 (9th Cir. 2014). First, the ALJ evaluates whether the claimant has presented objective medical evidence of an impairment that "could reasonably be expected to produce the pain or symptoms alleged." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035–36 (9th Cir. 2007) (quoting *Bunnell v. Sullivan*, 947 F.2d 341, 344 (9th Cir. 1991)) (internal quotation marks omitted). Second, absent evidence of malingering, an ALJ may only discount a claimant's allegations for reasons that are "specific, clear and convincing" and supported by substantial evidence. *Molina v. Astrue*, 674 F.3d 1104, 1112 (9th Cir. 2012).

"[T]he ALJ must specifically identify the testimony she or he finds not to be credible and must explain what evidence undermines the testimony." *Holohan v. Massanari*, 246 F.3d 1195, 1208 (9th Cir. 2001). General findings are insufficient. *Id.* "Although the ALJ's analysis need not be extensive, the ALJ must provide some reasoning in order for [the Court] to meaningfully determine whether the ALJ's conclusions were supported by substantial evidence." *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1099 (9th Cir. 2014). "[T]he ALJ may consider inconsistencies either in the claimant's testimony or between the testimony and the claimant's conduct." *Molina*, 674 F.3d at 1112. For instance, the ALJ may consider "whether the claimant engages in daily activities inconsistent with the alleged symptoms." *Id.* (quoting *Lingenfelter*, 504 F.3d at 1040).

Plaintiff asserts the ALJ focused only on periodic improvements in Plaintiff's mental conditions, ignoring setbacks that indicated a lack of stability. (Doc. 17 at 15–16.) The Commissioner responds that the medical evidence showed Plaintiff's symptoms were positive or well managed despite periodic difficulties. (Doc. 21 at 4.)

Here, the ALJ found Plaintiff had impairments and "experience[d] some limitations as a result," but the evidence did not indicate that her "limitations are totally work preclusive." (Doc. 14-3 at 20.) Specifically, the ALJ found Plaintiff showed improvement with medication and psychiatric treatment. (*Id.*) Plaintiff described her depression in

1   January 2020 as "poorly controlled," and within two months, Plaintiff's treatment records

2   show her symptoms became mild and medications were "working well."  (Docs. 17 at 8;

3   14-15 at 7.)   After a hospitalization for suicidal ideation, she was discharged as "safe,

4   stable, and in no acute distress," and she "was not experiencing any difficulties with her

5   activities of daily living."  (Doc. 14-17 at 5–6.)   While she continued to report suicidal

6   thoughts with a depressed and anxious mood, Plaintiff also presented appropriate

7   appearance and behavior, and she had intact attention span, memory, and intelligence.  (*Id.*

8   at 14–17, 37–38.)   In the following months, Plaintiff self-reported that her medications

9   were working well, and she was experiencing nearly no side effects.  (Doc. 14-25 at 7.)

10  Plaintiff also expressed a desire to get a job.  (*Id.*)   As to future risks of self-harm or harm

11  to others, Plaintiff's medical provider reported Plaintiff had "no major long term risk

12  factors."  (*Id.* at 8.)

13          Plaintiff disputes whether her daily living activities are inconsistent with her

14  reported symptoms.  (Doc. 17 at 17–18.)   Plaintiff stated she went to the gym, hiked, left

15  the house, attended church, went out with friends, and researched graduate school

16  programs, but that the ALJ did not specify how these activities were inconsistent with

17  specific symptoms.  (*Id.*)   However, the ALJ did explain that Plaintiff alleged her mental

18  impairments would "prevent her from performing basic work-related activities."  (Doc. 14-

19  3 at 20.)   The ALJ then found that Plaintiff's "alleged disabling impairments" were not

20  consistent with her activities, in part because her activities showed she was capable of

21  living independently.  (*Id.* at 20–21.)

22          The Court agrees with the Commissioner that the record contains substantial

23  evidence to support the ALJ's rejection of Plaintiff's symptom testimony.   Plaintiff's

24  treatment records show that despite considerable mental impairments, Plaintiff responded

25  well to treatment and medications.   And the Court agrees that Plaintiff's daily living

26  activities are inconsistent with her general assertion that she is unable to perform basic

27  work.

28

**B. Evaluation of Medical Testimony**

Claims, such as Plaintiff's, that are filed on or after March 27, 2017, are subject to amended regulations for evaluating medical evidence. *See* Revisions to Rules Regarding Evaluation of Medical Evidence, 82 Fed. Reg. 5844, 5844 (Jan. 18, 2017) (codified at 20 C.F.R. pts. 404 & 416). Plaintiff filed her claim in August 2017. Applying these new regulations, the Ninth Circuit held that an ALJ "must 'articulate . . . how persuasive' it finds 'all of the medical opinions' from each doctor or other source, and 'explain how it considered the supportability and consistency factors' in reaching these findings." *See Woods v. Kijakazi*, 32 F.4th 785, 792 (9th Cir. 2022) (cleaned up) (citing 20 C.F.R. § 404.1520c(b)(2)).

Plaintiff argues the ALJ committed harmful error by relying on opinions from state agency physicians who reviewed Plaintiff's medical records but never examined her. (Doc. 17 at 21.) Plaintiff recognizes that the ALJ found those physicians' opinions persuasive and describes the ALJ's analysis as a "mere endorsement of the nonexamining reviewers' opinions." (*Id.* at 22.) The Court notes that Plaintiff concedes that the state agency physicians provided the only medical opinions in this case. (*Id.*) ("[T]he state agency reviewers' opinions stand alone as the medical evaluation of the evidence."). Plaintiff's dispute lies with the timing of the most recent opinion, which was provided in August 2019—before Plaintiff's hospitalizations. (*Id.*) Plaintiff points to no medical evidence to discredit these medical opinions as unsupported by or inconsistent with the record. *See*, 32 F.4th at 792. In the absence of a factual or legal basis to discount the state agency physicians' opinions, the Court finds no error.

///

///

///

///

///

///

IV.   CONCLUSION

Therefore,

**IT IS ORDERED** affirming the December 2, 2020 decision of the ALJ, as upheld by the Appeals Council.

**IT IS FURTHER ORDERED** directing the Clerk to enter final judgment consistent with this Order and close this case.

Dated this 22nd day of March, 2023.

Honorable Susan M. Brnovich
United States District Judge